PETER MARSHALL v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

May 5, 1916.

Nos. 19,730—(127).

**Judgment notwithstanding verdict.**

> In an action under the Federal Employer's Liability Act the Minnesota courts are not limited to the procedure in the Federal courts, and may enter judgment notwithstanding the verdict. [Reporter.]

After the former appeal, in which judgment for defendant notwithstanding the verdict was ordered, defendant moved to vacate the judgment in favor of plaintiff entered pursuant to the verdict, and to enter judgment in favor of defendant. The motion was granted, Childress, J. From the judgment entered

[1] Reported in 157 N. .W. 638.

---

Note.—On the constitutionality, application and effect of Federal Employer's Liability Act see notes in 47 L.R.A.(N.S.) 38; L.R.A. 1915C, 47.

in favor of defendant, pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Moonan & Moonan*, for appellant.

*Edward C, Stringer, McNeil V. Seymour* and *Edward S. Stringer*, for respondent.

PER CURIAM.

When this cause was here last, Marshall v. Chicago, R. I. & Pac. Ry. Co. 131 Minn. 392, 155 N. W. 208, the order appealed from was reversed and judgment ordered for defendant notwithstanding the verdict. Pending that appeal, there being no supersedeas bond, plaintiff entered judgment upon the verdict. Upon the remittitur going down defendant moved to vacate that judgment, and for judgment in accordance with the directions of this court. The motion was granted and judgment entered for defendant. Plaintiff appeals from such judgment.

Plaintiff's contention is that, since the cause of action arose under the Federal Employer's Liability Act, the trial in the state courts must follow the procedure of the Federal courts, hence the state courts are without power to direct judgment to be entered notwithstanding the verdict, citing Slocum v. New York Life Ins Co. 228 U. S. 364, 33 Sup. Ct. 523, 57 L. ed. 879, American Pub. Co. v. Fisher, 166 U. S. 464, 17 Sup. Ct. 618, 41 L. ed. 1079, among many other decisions. So far as this court is concerned the proposition has already been determined against plaintiff. We have held the five-sixths jury law applicable to actions instituted in the state courts under the Federal Employer's Liability Act (Winters v. Minneapolis & St. Louis R. Co. 126 Minn. 260, 148 N. W. 106), and refused to reconsider the question in Bombolis v. Minneapolis & St. Louis R. Co. 128 Minn. 112, 150 N. W. 385. We fail to see wherein the five-sixths jury is a less innovation upon the procedure governing the Federal courts than that of granting judgment *non obstante veredicto*.

Judgment affirmed.