## CONSOLIDATED STEELCRAFT v. KNOWLTON.

No. 7143.   Decided November 9, 1948.   (199 P. 2d 149.)

See 49 C. J., Pleading, sec. 986; 41 Am. Jur. 520.

*Horace J. Knowlton* and *Robert B. Porter, Jr.,* both of Salt Lake City, for appellant.

*Owen, Ward & Burnham,* of Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a judgment granted on the pleadings after the sustaining of special and general demurrers.

The Consolidated Steelcraft Co., the respondent herein, commenced an action against Horace J. Knowlton, the appellant herein, to collect a balance due on a promissory note. Appellant, who is an attorney at law, appeared for himself and answered denying that he owed any money on the note because the signature was obtained by misrepresentation and fraud. He also filed a counterclaim for monies allegedly due him based on the misrepresentations and fraud in the transaction for which the note was given. Respondent filed a motion to strike the answer and counterclaim, which motion was denied on December 23, 1946, whereupon respondent filed a special and general demurrer to the answer and counterclaim and a motion to strike the prayer on March 19, 1947, which were sustained by the court and leave given appellant to amend. Appellant then served on the attorneys for respondent a first amended answer and counterclaim but did not file this pleading with the court. Respondent moved to strike portions of appellant's first amended answer and counterclaim as being unresponsive to the demurrer and repetitious and moved the court to grant a judgment on its pleadings. The hearing on this motion was set for May 16, 1947, and upon appellant's failure to appear, the court granted the motion to strike and after admitting evidence granted a judgment on the pleadings which was entered on May 24, 1947. On May 29, 1947, appellant herein filed a second amended answer without leave of court and also filed a motion requesting that the judgment be set aside on the grounds of excusable neglect and that the judgment

was improperly granted because there was a defense pleaded in the answer. He filed affidavits in support of such motion showing that he was unable to be present at the May 16th hearing because he was unavoidably delayed from arriving in time due to the breakdown of his car while he was driving from out of town toward Salt Lake City, and the impossibility of procuring other transportation in time. This motion was heard on June 2nd at which time it was discovered that the first amended answer was not in the court's file. The court denied the motion and on June 10th another motion was filed to set aside the judgment on the pleadings. This motion was heard on June 23rd, at which time other counsel appeared for appellant herein. The motion to set aside the judgment was granted and appellant's first amended answer and complaint which had inadvertently not been filed was allowed to be filed. Appellant's counsel then asked leave to amend and file a second amended answer and counterclaim. The court denied this request but allowed respondent to renew its motions to strike the material allegations of the first amended answer and counterclaim and for judgment on the pleadings, which motions were granted.

Did the court err in granting the motions to strike the first amended answer and counterclaim?

Sec. 104-13-1, U. C. A. 1943, provides that:

"In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties."

Under this section the court on a motion to strike must liberally construe the pleadings "with a view to substantial justice between the parties" and if from the pleadings it appears that the facts alleged constitute a cause of action or a good defense, the motion to strike should not be granted even though a demurrer might lie for uncertainty or ambiguity. See *Gregg* v. *Groesbeck*, 11 Utah 310, 40 P. 202, 32 L. R. A. 266, wherein this court in construing 2 C. L. 1888, Sec. 3238, now Section 104-13-1, U.

C. A. 1943, said, on pages 316 and 317 of 11 Utah, on page 202 of 40 P.:

"The answer is very ambiguous and uncertain, and is clearly demurrable. There is some doubt as to the meaning of various allegations. But a demurrer is very different from a motion to strike a pleading from the files, although the practice is too often indulged in to substitute the latter for the former. An answer which may be subject to a demurrer may be invulnerable when assailed by a motion to strike out. Upon a motion of this character the court is to be guided by the statute, which declares that, 'in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.' 2 Comp. Law, § 3238. Keeping in view this just statutory provision, let us ascertain what the answer means. In doing this it should be construed as a whole. Isolated sentences may convey an erroneous idea, and superfluous averments form no part of the pleadings, and, upon a motion like that submitted in this case, may be disregarded, though they seem to be at variance with the material and substantial allegations therein. *The meaning and intention of the pleader are the paramount considerations in determining the sufficiency of a pleading. Even if the meaning be obscure, and the language expressing it dark and uncertain, the court ought not to strike an answer from the files, if, by fair interpretation, the meaning can be discovered, and the facts alleged present a defense \* \* \*.*" (Italics ours.)

In the instant case a fair interpretation of the meaning of appellant's answer would be that there was no money due and owing on the promissory note on which respondent's action is based because of misrepresentation and fraud in its procurement. This if properly pleaded would be a good defense to respondent's action. Evidently, the court on the first motion to strike was of the opinion that the answer and counterclaim stated facts which in the former would be a good defense to the action, and in the latter a good cause of action against respondent, because it refused to strike the pleadings but suggested that it would entertain demurrers. Months later respondent demurred and these demurrers were sustained and appellant given leave to amend. It was to appellant's first amended answer and counterclaim that the court granted the motion to strike. In so doing the court erred.

Respondent contends that the court under the peculiar facts and circumstances in this case was justified in striking all of defendant's pleadings and in refusing to allow him to further plead and in entering judgment against him on the pleadings. When the court granted the first motion to strike the amended answer and counterclaim, no such answer and counterclaim had been filed, and there was nothing for it to act upon. When this was called to the court's attention, all the parties were represented in court and defendant had obtained counsel to represent him. The court thereupon set aside its order striking the amended answer and counterclaim and the judgment in plaintiff's favor and allowed defendant to file his amended answer and counterclaim, and then immediately granted plaintiff's motion to strike all the material portions of the answer and counterclaim from the files, and then refused to allow a second amended answer and counterclaim which was already prepared to be filed, or to allow the attorney representing defendant to go over the matter and prepare another amended answer and counterclaim which would clear up the ambiguity and meet the objections thereto on demurrer.

A motion for judgment on the pleadings should ordinarily only be granted when under the admitted facts the movant would be entitled to a judgment on the merits, regardless of the truth of the facts alleged as a defense to the cause of action, but where a good defense might be pleaded the court should not grant a judgment on the pleadings where leave is asked to amend but should allow the amendments to be made. See *Hancock* v. *Luke*, 46 Utah 26, 27, 148 P. 452; and *Harman* v. *Yeager*, 100 Utah 30, 110 P. 2d 352. Respondent concedes that courts should be reluctant to grant judgments on the pleadings where it appears that a good defense could be pleaded but argues that under the circumstances of this case the court did not abuse its discretion in granting the motion because the first amended answer and counterclaim was sham and frivolous in that it was so like the original answer and counterclaim

to which demurrers had been sustained, and as such was an attempt to avoid the ruling of the court and was a device to obstruct justice.

There is no contention that the answer and counterclaim did not state a defense, or a cause of action against plaintiff. The claim is that it was deficient in that it was ambiguous and uncertain; in other words, the objection was to its form rather than the substance thereof. ■ A new attorney was appearing for defendant who offered, and there could be little doubt of his ability, to prepare and file an answer and counterclaim which would conform to the court's requirements. Under these circumstances it was clearly error to strike the entire material portions of the pleadings and refuse to allow further answer and counterclaim to be prepared and filed unless the circumstances were such that defendant had acted in bad faith and been so insincere with the court that the court was justified in striking all of his pleadings from the files and granting judgment against him by default.

The record here does not justify such a holding. It is clear that at the time the ruling was finally made defendant was perfectly sincere and acting in good faith. He was ready, willing and able to comply with the court's rulings. It is true that some delay had been caused by defendant's failure to file an amended answer and counterclaim in compliance with the rulings of the court on the demurrer thereto within the time granted by the court. However, the plaintiff did not show any particular haste to file its demurrer after its original motion to strike had been denied, as almost three months passed between the time the court ruled on its motion to strike and the time when the demurrers were filed. In view of these facts and circumstances, we think the court erred in striking from the files the material portions of defendant's amended answer and counterclaim and refusing to allow him to further amend his pleadings, and in granting judgment on the pleadings.

Reversed with instructions to set aside the judgment and to reinstate the action and grant appellant leave to amend his first amended answer and counterclaim should he so desire. Costs to appellant.

McDONOUGH, C. J., and LATIMER, J., concur.

PRATT, Justice (concurring).

In my opinion the importance of this case lies in matters of procedure. When the court reopened the case for filing the amended answer and counterclaim, probably it would have been better, so far as the parties were concerned, to treat the matter as if it had started at that time, and permitted the filing of the second amended answer. However, as an appellate court, we are not always in a position, with merely the written record before us, to appraise the good faith of the litigants in their treatment of the lower court. Ulterior motives do not always show up in black and white. For this reason, I wish to make no particular comment upon the matter of responsibility or discretion of anyone concerned.

I am going to start with the filing of the first amended answer and counterclaim—which filing was allowed out of time by agreement of the parties, and cleared the record up to that time. In paragraph 2 thereof we find these allegations:

(1) "Admits the allegations of paragraphs 2, 3 and 4 of the plaintiff's complaint and admits that $4,500.00 was paid as alleged in paragraph 5  *  *  *"

(2) "*  *  *  and denies that there is anything due and owing on the said note  *  *  *" (This follows immediately after certain allegations of fraud)

(3) "*  *  *  and denies each and every other allegation in the said first cause of action contained, not hereinbefore admitted or hereinafter admitted or qualified."

Paragraphs 2, 3 and 4 of the complaint allege that defendant was doing business as the Knowlton Equipment

Company; that he is a resident of Salt Lake County; and that he executed and delivered the note in question. Paragraph 5 of the complaint admits the payment of the $4,500 and then alleges that there is a balance due of $5,355. Paragraph 1 thereof alleges that plaintiff is a co-partnership doing business under the name and style of the Consolidated Steelcraft Co.

A court might reasonably conclude from allegations of an answer covering fraud that there was no merit to the fraud and therefore a specific denial of liability, founded upon those allegations of fraud—such as number (2) above appears to be—was without merit; but I doubt that such a conclusion should also be extended to a general denial of all allegations not admitted—number (3) above.

This general denial along with the special denial appears not only in paragraph 2 of the amended answer, but also in paragraph 2 of the original answer. I question seriously the propriety of striking a general denial as sham and irrelevant, unless the pleadings clearly show that it is a nullity—such for instance as a case in which a specific denial is required by the code. To strike the amended answer in this case may still leave the question of the general denial in the original answer with which to cope, as the lower court denied a motion to strike the original answer; and the demurrer that was sustained to the original answer was a special demurrer upon the grounds that the allegations of fraud were ambiguous, unintelligible and uncertain. The demurrer has "general" in its title but no allegations to support that part of the title so far as the answer is concerned. When the lower court's attention was called to paragraph 2 of the original answer, he still adhered to his ruling that he was striking paragraph 2 of the amended answer—not the original answer.

To strike pleadings is to hold them sham and irrelevant— so much redundant matter. If then, we assume that the striking of the amended answer was proper, there still re-

mained in the case paragraph 2 of the original answer which contained a general denial which had not been the subject of attack. Thus a default judgment was not in order. Furthermore, the presence of the general denial defeats a claim that there was an admission of liability. *Tooele Meat & Storage Co.* v. *Eite Candy Co.*, 57 Utah 1, 168 P. 427. Thus judgment on the pleadings was not in order—unless, as indicated above, we can say that the issues had so developed that a general denial was a nullity—was a pleading under which defendant could produce no proof. It does not appear that any one had such a thought in this case.

Under these circumstances, it would be better to have the case reconsidered.

WOLFE, Justice (Concurring in the result).

I concur in the result.

It should be observed at the outset, that the problems of this case are all lawyer made. Most, if not all, of the blame for this fact lies with defendant, who attempted to represent himself until the later stages of the proceedings in the court below, when he engaged the services of other legal counsel.

I have no quarrel with the statement of facts contained in the prevailing opinion. However, I prefer to restate the facts which I deem material to an understanding of my analysis of the case.

After the court had sustained a special demurrer on the grounds of ambiguity and uncertainty, to defendants' original answer and counterclaim, defendant served upon plaintiff an amended answer and counterclaim substantially the same as the original, which failed in most respects, to cure the defects reached by plaintiff's demurrer to the original answer. The amended answer and counterclaim, though served upon plaintiff, was not filed with the court. On motion of the plaintiff and apparently unaware that the

.amended pleading had not been filed, the court ordered the substance of the amended answer and counterclaim stricken, and granted judgment on the pleadings. Thereafter it was discovered that the amended pleading had never been filed, and in order to straighten out the record, plaintiff consented that the judgment on the pleadings be set aside, and that defendant be permitted to file his amended pleading. Upon the filing of the amended pleading, plaintiff renewed its motions to strike, and for judgment on the pleadings, which motions were granted by the court. The court also refused leave to defendant to amend his pleadings further.

The majority in treating the question of whether the court erred in granting judgment on the pleadings, apparently proceed on the theory that the entire amended answer and counterclaim were before the trial judge at the time such ruling was made. This leads to confusion. It is undoubtedly true, as pointed out in the prevailing opinion, that the pleadings must be liberally construed. But at the time the motion for judgment on the pleadings was granted, there was very little left of defendant's pleading to be construed. To my mind, we should first determine whether the court erred in granting the motion to strike, and after having determined that issue, consider, if necessary, the other questions. I proceed, therefore, to the question of the correctness of the court's ruling in striking the substance from the amended answer and counterclaim.

Section 104-13-2, U. C. A. 1943, provides as follows:

"Sham and irrelevant answers and replies, and irrelevant and redundant matter inserted in a pleading, may be stricken out upon such terms as the court may in its discretion impose."

It is not contended that the matter stricken from defendant's pleadings was irrelevant or redundant. Therefore, unless it can be said to be sham or frivolous, we must hold that the court erred in granting the motion to strike.

A sham pleading is one which is good in form but false in fact and not pleaded in good faith. As applied to pleadings, the words "false" and "sham" are usually construed as synonomous. Averments are not sham where they are not false in fact nor pleaded in bad faith. A frivolous answer, on the other hand, is one that, although true, does not in any view of the facts pleaded, present a defense to the action, or which forms or tenders no material issue. 41 Am. Jur. 322, Pleading, Sec. 50; Black's Law Dictionary, 3rd Ed. 117; 1 Bancroft's Code Pleading, 908-9, Sec. 623.

It is said by Bancroft that:

"A pleading which is but a repetition of a prior pleading held to be defective may be regarded as frivolous and stricken, though it has been said that such practice should not be encouraged because its effect is to defeat the right of amendment. The motion does not lie where the amended pleading contains some additional facts, as well as fuller and more explicit statements than those set forth in the original pleading." 1 Bancroft op. cit. 907-8, Sec. 622.

The same author says further at p. 912, Sec. 625:

"To warrant striking out a pleading as frivolous, it must be clearly bad on inspection merely, for an answer cannot be said to be frivolous when argument is necessary to show that the allegations are trifling."

Under the definitions above stated, I do not think defendant's answer can be considered as either sham or frivolous. Although there is some reason to believe that it was interposed for purposes of delay, it cannot be said that the allegations therein are false, or that they tender no issue. On the contrary, the facts therein rather clumsily and ambiguously alleged, would, if well pleaded, constitute a good defense. I therefore am of the opinion that the court erred in striking portions of the answer.

Since I take the view that the court erred in granting the motion to strike, it necessarily follows that the court erred in granting judgment on the pleadings. As stated in the prevailing opinion, the movant is entitled to judgment on the pleadings only when under the facts admitted by the plead-

ings he would be entitled to a judgment on the merits. And as further observed in the prevailing opinion, it is not and cannot be contended that the answer wholly failed to state a defense to the action.

For the reasons above stated, I concur in the order of reversal.