## SOLAR v. UNITED STATES.
### No. 1154.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 14, 1952.

Decided Feb. 20, 1952.

---

Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C. (Charles M. Irelan, U. S. Atty., and Frank H. Strickler and Joseph M. Howard, Asst. U. S. Attys., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD, and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted of negligent homicide.[1] The jury, after deliberating approximately two and a half hours, returned to announce their verdict. Due to the absence of the judge who presided during the trial, the verdict was received by another judge. In order to follow exactly what occurred when the verdict was rendered, we quote from the record:

"[The Clerk]: Members of the jury, have you agreed upon a verdict?

"The Foreman: Yes, we have.

"[The Clerk]: How do you find the defendant? Is he guilty or not guilty?

"The Foreman: We find the defendant guilty of negligence only, and recommend clemency in this case.

"[The Clerk]: Members of the jury, you have heard your verdict as stated by your foreman. You find the defendant guilty; so say you all?

"The Court: Do you wish to have the jury polled?

"Mr. Koonin: Yes, your Honor.

"The Court: Very well. Answer as your name is called, guilty or not guilty— as your name is called.

"One woman juror stated: May I know the reason for this? You see, I'm sorry, but what do you mean? Is what I did, the question?

"The Court: Have you not decided whether or not this man is guilty or innocent?

"The Woman Juror: I said not guilty. I said not guilty and I changed it to guilty in a way. Is that what you mean?

Myer Koonin, Washington, D. C. (Robert C. Chalfonte, Washington, D. C., on the brief), for appellant.

1. Code 1940, 40–606: "Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, and shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000 or both."

"The Court: No; that is not what I mean. You went in the jury room and when you decided this issue, did you decide this man was guilty or not guilty?

"The Juror: Guilty, I suppose."

The remainder of the jury was polled and answered, "Guilty."

"[The Clerk]: They all answered, 'Guilty,' your Honor.

"The Court: All right."

Appellant filed a motion in arrest of judgment, a motion for judgment of acquittal, and a motion for a new trial. These motions were later withdrawn. Appellant then filed a motion for his release from custody and a motion to discharge his bail on the ground that he had been acquitted by the jury. These two motions were overruled and sentence imposed. Appellant contends that the jury did not find him guilty of any offense under the law and that the verdict was in effect an acquittal. His contention is that the jury found him guilty of negligence *only* and since negligence in and of itself does not constitute a crime he was therefore acquitted of the crime charged. The government contends that there was a valid verdict of conviction. We think that both positions are incorrect.

■ When the appellant requested to have the jury polled, which was his right, he thereby agreed to be bound by the result of the poll rather than by the verdict as stated by the foreman. It is well established that the result of polling a jury is to eliminate the previously proffered verdict and substitute therefore the individual verdict of each juror. We are therefore presented with these questions: Was this (1) a verdict of guilty, or (2) was this a verdict of not guilty of the crime charged, or (3) was this a verdict at all?

■ We hold that no verdict had actually been agreed to by the jury. A verdict reportedly rendered by the jury and record-ed under the foregoing circumstances is wholly without meaning or effect. "There can be no question of the right of a juror, when polled, to dissent from a verdict to which he has agreed in the jury room, and when this happens, the jury should either be discharged or returned to their room for further deliberation." Bruce v. Chestnut Farms-Chevy Chase Dairy, 75 U.S. App.D.C. 192, 126 F.2d 224, 225.[2]

■ By the original statement of the dissenting juror, it is evidenced that unanimity was lacking. The words, "I said not guilty and I changed it to guilty in a way," are indicative of her lack of full consent. This uncertainty was further emphasized by her response of "Guilty, I suppose." Where, on polling the jury, eleven jurors support the tendered verdict and one juror dissents, there is no verdict and judgment can not be entered thereon. Scott v. Scott, 110 Pa. 387, 2 A. 531.

■ A verdict in federal jurisdictions must be unanimous. In criminal cases this requirement of unanimity extends to all issues which are left to the jury. A verdict embodies in a single finding the conclusions by the jury upon all questions submitted to it.[3] Until all twelve jurors have unanimously agreed on every part of the verdict, there is no valid verdict.[4]

■ The law is that a valid verdict is not dependent on what the juror agrees to in the jury room but rather what is unanimously reported to the court by it. Bruce v. Chestnut Farms-Chevy Chase Dairy, supra.

■ The Supreme Court has held "that, generally, the right to poll a jury exists, may be conceded. Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent."[5] In a very recent case in the Unit-

2. Cf. Mattice v. Maryland Casualty Co., D. C.W.D.N.D., 5 F.2d 233, for a full citation of the authorities on the subject generally.

3. Andres v. United States, 333 U.S. 740, 68 S.Ct. 880, 92 L.Ed. 1055; cf. American Publishing. Co. v. Fisher, 166 U.S. 464, 17 S.Ct. 618, 41 L.Ed. 1079.

4. People v. Hicks, 287 N.Y. 165, 38 N.E. 2d 482, 485, 138 A.L.R. 1222.

5. Humphries v. District of Columbia, 174 U.S. 190, 19 S.Ct. 637, 638, 43 L.Ed. 944.

ed States Court of Appeals for the District of Columbia it was said: "An accused is presumed to be innocent. Guilt must be established beyond a reasonable doubt. All twelve jurors must be convinced beyond that doubt; if only one of them fixedly has a reasonable doubt, a verdict of guilty cannot be returned. These principles are not pious platitudes recited to placate the shades of venerated legal ancients. They are working rules of law binding upon the court." Billeci v. United States, 87 U.S. App.D.C. 274, 184 F.2d 394, 403.

We think that when the individual juror expressed doubt as to her verdict the judge should have declined to accept a verdict and should have sent the jurors back for further deliberation, with suitable instructions as to the necessity of reaching a unanimous verdict. We think that the manner in which the verdict in this case was received and recorded requires us to rule that no verdict either of acquittal or conviction was reached and that the case must be tried anew.

Reversed and remanded for new trial.