**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Verdies McLEOD, Appellee.**

**Verdies McLEOD, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

**Nos. 6663, 6664.**

District of Columbia Court of Appeals.

Argued Nov. 27, 1972.

Decided Feb. 6, 1973.

Leonard J. Bonner, Washington, D. C., for appellant in No. 6663 and appellee in No. 6664.

Jack H. Olender, Washington, D. C., for appellee in No. 6663 and appellant in No. 6664.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

These are cross-appeals from a judgment awarding McLeod damages arising out of an accident which occurred while she was a passenger on a bus owned and operated by D. C. Transit System, Inc. Liability was conceded and the issue of damages was submitted to a jury.

#### Appeal No. 6663

Appellant D. C. Transit contends that its motion for a new trial for lack of a unanimous verdict should have been granted. We agree.

The foreman of the jury announced verdicts of $24,600 for McLeod and $785 for Turner.[1] A jury poll was requested by D. C. Transit. Several of the jurors were slightly confused as to the precise amount of the two verdicts because of the odd

---

1. The case of Bettie Turner was consolidated with Mrs. McLeod's case since they arose out of the same accident.

There is no appeal from the judgment in the Turner case.

amounts, but virtually all of the confusion was cleared up either by the juror himself or by the trial judge's properly limited questions.

■ However, the transcript of the poll shows that the sixth juror responded as follows:

THE DEPUTY CLERK: George Little.

MR. LITTLE: Mrs. McLeod, *six hundred and fifty dollars, and seven thousand*—seven hundred and fifty dollars for Dorothy.

THE COURT: Seven hundred and how much?

MR. LITTLE: Seven hundred and fifty.

THE COURT: Seven hundred and fifty?

MR. LITTLE: Yes, sir.

MR. OLENDER: Your Honor, could the juror be asked if he agrees with the foreman's verdict? I think that's—

THE COURT: Is that the last juror?

THE DEPUTY CLERK: No. That was number six, Your Honor.

THE COURT: Well, your foreman has said seven hundred and eighty-five, sir.

MR. LITTLE: Yes, sir. Seven hundred and eighty-five.

THE COURT: And not seven hundred and fifty.

MR. LITTLE: Yes. Seven hundred and eighty-five.

THE COURT: All right.

The portion of the record set out above makes it all too clear that Juror Little *never* agreed with the amount of the McLeod verdict, as stated by the foreman and other jurors, which was $24,600.

■ If during the poll a juror evidences confusion (as contrasted with dissent), it is proper for the trial judge to circumspectly question the juror to clarify his verdict. Simons v. Federal Bar Building Corp., D. C.App., 275 A.2d 545, 554 (1971). Unfortunately, in the instant case the trial judge did not attempt to clarify the McLeod verdict and, as the record shows, the verdict was simply not unanimous—as it must be. Solar v. United States, D.C.Mun.App., 86 A.2d 538, 540 (1952). We are especially hesitant to reverse where counsel requesting the poll does not object to it until after the jury is dismissed, however, on this record it was plain error not to grant a new trial. American Publishing Co. v. Fisher, 166 U.S. 464, 17 S.Ct. 618, 41 L.Ed. 1079 (1897).

No. 6663 reversed and remanded for a new trial on the issue of damages only.

Appeal No. 6664

Appellant McLeod contends it was error to order a *remittitur* from $24,600 to $10,000. Since we have ordered a new trial in No. 6663, the question of a *remittitur* is moot but a jurisdictional question remains. In the instant case, prior to trial a motions judge had granted appellant's motion to raise the *ad damnum* from $10,000 to $50,000. This was plain error, as the trial judge recognized when he granted the *remittitur* on jurisdictional grounds.

In September of 1968, a complaint for personal injuries in the amount of $10,000 was filed by Mrs. McLeod in the then District of Columbia Court of General Sessions. Later, on May 18, 1971, after the jurisdictional limit in civil actions was raised to $50,000, a motion to amend the *ad damnum* of the complaint from $10,000 to $50,000 was granted.

Newman v. Coakley, D.C.App., 285 A.2d 690, 694 (1972), is dispositive of the issue. There we held it was the "deliberate intent on the part of Congress to limit recovery in cases originally docketed in General

Sessions to the maximum amount then in effect" and affirmed an order reducing a jury verdict of $14,000 to $10,000, on the ground that the amount of damages awarded by the jury exceeded the statutory limit of $10,000 applicable to actions begun in the Court of General Sessions prior to the effective date of the District of Columbia Court Reorganization Act of 1970.[2]

Since this case will be re-tried, the order permitting the amendment of the *ad damnum* to $50,000 is

Reversed (No. 6664).