VALLEY BANK AND TRUST COMPA-
NY, a Utah corporation, Plaintiff
and Respondent,

v.

Curtis W. WILKEN d/b/a Curt Wilken
Wholesale Auto and Connie Wilken,
his wife, Defendants and Appellant.

No. 17808.

Supreme Court of Utah.

Jan. 20, 1983.

Curtis W. Wilken and Connie Wilken, pro
se.

I.H. Biele, Gary Doctorman, Salt Lake
City, for plaintiff and respondent.

HOWE, Justice:

The plaintiff Valley Bank and Trust
Company was granted a summary judg-
ment in this action which it brought against
the defendants Curtis W. Wilken and Con-
nie Wilken, his wife, on two promissory
notes. Connie Wilken (appellant) alone ap-
peals seeking reversal and a trial on the
merits.

Defendants executed two promissory
notes in favor of the plaintiff. One note
for $122,667.53 was executed by Curtis
Wilken and is not at issue in this appeal.
The other note for $50,000 was executed by
both defendants. In her answer to the
complaint of the plaintiff, appellant did not
assert an affirmative defense but only gen-
erally denied plaintiff's allegations. In
their answers to the Requests for Admis-
sion, the defendants admitted the genuine-
ness of the notes and their signature there-
on.

Plaintiff moved for summary judgment
against both defendants. Curtis Wilken
then filed an affidavit in opposition thereto
in which he averred that there was no con-
sideration given by the plaintiff for the
$50,000 note. The trial court found that
the defendants had executed the notes, that
the notes were in default, that neither de-
fendant had raised an affirmative defense
and that there were no genuine issues as to
any material fact. Based on these findings
the court granted plaintiff summary judg-
ment against both defendants.

The appellant's sole contention is
that the trial court erred in granting sum-
mary judgment because her husband's affi-
davit had raised the defense of failure of
consideration. The difficulty with her ar-
gument is that she was obligated to raise
that defense in her answer to the complaint.
She made only a general denial in her an-
swer and did not raise any affirmative de-
fenses. Failure of consideration is an af-
firmative defense and must be pleaded as
such. Rule 8(c), U.R.C.P. She made no
effort to move to amend her answer under
Rule 15 to raise that defense. She could
not raise it by means of an affidavit in

opposition to summary judgment. It is not the office of an affidavit in opposition to a motion for summary judgment to provide a means of introducing defenses which have not been raised by the answer or by proper motion. Rule 12(b), U.R.C.P. Affidavits are proper to address factual matters relating to issues already framed. Since the defense was not properly raised, she waived it.

The dissenting opinion contends that "nothing would have been added to this case by filing a motion to amend the pleadings at the same time that the affidavit was filed asserting the defense." We must take exception to that statement. Had the defendant made a motion to amend her pleadings to assert an affirmative defense, the orderly procedure prescribed by the rules would have been observed. The plaintiff would have had advance notice of the defendant's motion for leave to amend and might have saved its efforts in bringing its motion for summary judgment until the court had ruled on appellant's motion. As it was, the plaintiff, after conducting discovery, properly concluded that there were no genuine issues of fact. It then moved for a summary judgment which was scheduled for hearing ten days later. The day before the hearing, plaintiff was served with an affidavit interposing an additional defense. Had appellant made a motion for leave to amend her answer, plaintiff would have been entitled to at least five days' advance notice of the hearing on that motion. Rule 6(d), U.R.C.P. If we were to uphold this manner of injecting new issues into a case, summary judgment could always be thwarted by the procedure attempted here by the appellant. While we have held that the rules must be liberally interpreted to accomplish justice, they should be sufficiently adhered to so there is an orderly procedure followed in the resolution of a case.

Nor can the appellant raise failure of consideration as a defense on appeal when it was not properly presented to the trial court. It therefore appears that there was no genuine issue as to any material fact which had been properly placed in issue by the parties. The trial court did not err in granting summary judgment.

The judgment below is affirmed. Costs are awarded to the respondent.

HALL, C.J., and OAKS, J., concur.

STEWART, Justice (dissenting):

The majority opinion denies the defendants a trial on the basis of a pleading deficiency that is so hypertechnical as to recall the happily forgotten elaborate intricacies of common law pleading, to say nothing of code pleading, which our Rules of Civil Procedure displaced several decades ago. It is true that failure of consideration is an affirmative defense under Rule 8(c), but in ruling that because defendants did not plead failure of consideration, they could not properly raise the issue by an affidavit on a motion for summary judgment at the outset of the case, the Court ignores the basic spirit of our rules of procedure and the fundamental policy that cases should not be decided on meaningless pleading deficiencies. *See Cheney v. Rucker,* 14 Utah 2d 205, 211, 381 P.2d 86, 91 (1963).

Notice pleading is designed to make the opposing party aware of the claims that will be asserted at trial. Since the claim of no consideration was clearly stated in Curtis Wilkins' affidavit, which obviously was filed on behalf of himself and his wife, the contention that the plaintiff was not on notice of the defense has little merit. The plaintiff was in no way prejudiced by defendant's failure to make a proper allegation in the answer and by her raising the issue for the first time in the affidavit. The case is a simple case; it is not one where substantial discovery had been done and where the raising of a new issue might have resulted in duplication of discovery efforts. Had defendant filed a motion to amend her pleading at the time of filing the affidavit, it undoubtedly would have been granted. *See Lewis v. Moultree,* Utah, 627 P.2d 94 (1981), and *Thomas J. Peck & Sons, Inc. v. Lee Rock Products, Inc.,* 30 Utah 2d 187, 515 P.2d 446 (1973) (amendment per-

mitted before trial where adverse party was given fair opportunity to meet the issue raised).

This Court has consistently followed the rule that amendments to pleadings should be liberally allowed, *see Cheney v. Rucker, supra,* 14 Utah 2d at 211, 381 P.2d at 91, even after a trial has commenced, and even after judgment, Utah R.Civ.P. 15(b). *See, e.g., General Insurance Co. v. Carnicero Dynasty Corp.,* Utah, 545 P.2d 502 (1976) (trial court erred in denying amendment after plaintiff's evidence); *Consolidated Steelcraft v. Knowlton,* 114 Utah 368, 199 P.2d 149 (1948) (trial court erred in denying amendment after judgment); *Hancock v. Luke,* 46 Utah 26, 148 P. 452 (1915) (trial court erred in denying amendment after judgment); *American Publishing Co. v. Fisher,* 10 Utah 147, 37 P. 259 (1894) *reversed on other grounds,* 166 U.S. 464, 17 S.Ct. 618, 41 L.Ed. 1079 (1897) (amendment at trial). The majority opinion, in a rigid and doctrinaire application of the rules, denies the defendant the benefit of that rule even though the plaintiff was fully aware of the claim and was fully able to rebut the claim by an affidavit if it had the facts to do so.

Nothing would have been added to this case by filing a motion to amend the pleadings at the same time that the affidavit was filed asserting the defense. The affidavit itself constituted sufficient notice. Indeed, it is not infrequent that a motion for summary judgment must be defended by a defendant even before he files an answer. In such a case, an affidavit may be the only notice which is given or required to be given the plaintiff. Certainly under those circumstances the majority rule could not be applied, and I am at a loss to understand why it should apply here.

Finally, the majority's contention that the issue was not raised in the trial court rests entirely on the majority's view that notice could only be given by the answer. In my view, the affidavit filed was sufficient notice.

DURHAM, J., concurs in the dissenting opinion of STEWART, J.