UNITED STATES of America,
Plaintiff-Appellee,

v.

Leslie Edward MARR, Defendant-Appellant.

No. 17663.

United States Court of Appeals,
Seventh Circuit.

July 2, 1970.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Eugene Robinson, Asst. U. S. Attys., of counsel, for plaintiff-appellee.

Before SWYGERT, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

CUMMINGS, Circuit Judge.

Defendant was indicted for refusal to submit to induction into the armed forces in violation of the Military Selective Service Act of 1967 (50 U.S.C. App. § 462). After being found guilty by a jury, he was sentenced to two years' imprisonment.

In 1966, defendant resided in Joliet, Illinois, and registered with Local Board No. 211 in Joliet. On November 8, 1966, he was classified I–A. In May 1967, he wrote his Local Board that he had moved to California. Pursuant to an administrative transfer, he reported for a physical examination in Los Angeles, California. On September 28, 1967, he was determined to be fully acceptable for induction and was so notified by his Local Board on November 3, 1967. Six days

thereafter, he wrote his Local Board that he would like to be drafted without delay.

On March 18, 1968, Local Board No. 211 ordered defendant to report for induction in Joliet on April 10, 1968. On that date, he was transported to the Armed Forces Examining & Induction Station in Chicago. After defendant had indicated to government personnel there that he intended to refuse induction, Lieutenant Russell C. Barlow, Induction Processing Officer, advised him of the penalties for this felony. Barlow twice offered Marr induction. Defendant each time refused to take the step forward signifying induction. After Barlow advised defendant that he was not required to make a statement, defendant submitted the following written statement:

> "I refuse to be inducted into the armed forces because of my moral aversion to the U. S. role in the Vietnamese war and because of my political aversion to the Selective Service System."

At his trial, defendant testified in his own behalf and acknowledged that he had refused induction. Barlow also so testified.

Defendant first asserts that the district court erroneously failed to poll the jury as required by Rule 31(d) of the Federal Rules of Criminal Procedure.[1] On January 28, 1969, after both sides rested, the district court and counsel for the parties conferred concerning the instructions to be given to the jury. Thereafter, counsel for the Government and for defendant agreed that the court might receive a sealed verdict and that the jury might then be dispersed. However, at the request of defense counsel, the court stated that the jury would be returned for polling on January 29 at 9:30 a. m. After the jury retired to deliberate on its verdict on the afternoon of January 28, defense counsel (with defendant's express consent) advised the trial court:

> "It is not necessary to lock them up. It's not going to be that lengthy a set of deliberations but in the extremely unlikely event that it should be, I have no objection to their going on home."

Twenty-seven minutes later, the jurors returned and the foreman announced that they had reached a verdict. The Clerk then read the verdict finding the defendant guilty, stating that it was signed by the 12 jurors. No request for polling was made. Thereafter, the jury was permitted to retire to the jury room, and the district judge announced "There will be a judgment on the verdict."

As Judge Maris pointed out in Miranda v. United States, 255 F.2d 9, 18 (1st Cir. 1958), the right to poll a jury cannot be exercised intelligently until after the verdict has been announced, and a request prior thereto would be premature. Had defendant desired a poll of the jury, he should have requested the polling of the jury after the Clerk read the verdict. There was sufficient time for defense counsel to request a poll before the jury retired, but he chose not to do so. Mull v. United States, 402 F.2d 571, 574 (9th Cir. 1968), certiorari denied, 393 U.S. 1107, 89 S.Ct. 917, 21 L.Ed.2d 804; Jaca Hernandez v. Delgado, 375 F.2d 584 (1st Cir. 1967). Instead of making such a request, defendant's counsel turned to a totally distinct issue and suggested that a presentence investigation could be omitted. Accordingly, he proceeded to present the testimony of defendant's former school teacher in mitigation, thus abandoning his earlier polling request. It is now too late to claim that he was deprived of this right. United States v. Neal, 365 F.2d 188, 190 (6th Cir. 1966).

1. Rule 31(d) provides:
   "When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged."

Defendant next asserts that the indictment was fatally defective because it states that he was "a registrant of Local Board Number 211, Peoria, Illinois," whereas the evidence proved that the Board was actually situated in Joliet, Illinois. The trial court ruled that this variance was not material because the evidence showed that there was only one Local Board No. 211 in the State of Illinois and that it was located in Joliet, where defendant had resided. Certainly this typographical error on the face of the indictment was not of sufficient magnitude to mislead defendant in preparing his defense or to place him in double jeopardy for the same offense. The indictment correctly identified the local board, and the precise location was a surplusage. Heitler v. United States, 280 F. 703, 706 (7th Cir. 1922); see Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793. The variance was therefore properly disregarded. United States v. Rosenblum, 176 F.2d 321, 324 (7th Cir. 1949), certiorari denied, 338 U.S. 893, 70 S.Ct. 239, 94 L.Ed. 548; Rule 52(a) of the Federal Rules of Criminal Procedure.

Defendant also argues that the written statement he gave at the Chicago induction center, stating why he refused to be inducted into the armed forces, violated his Fifth Amendment privilege against self-incrimination. However, Lieutenant Barlow had advised defendant that he did not have to make a statement. Barlow had previously advised defendant of the consequences of a failure to accept induction. Defendant's briefs here do not claim, and we do not decide, whether defendant was sufficiently in custody to be entitled to the further warnings prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Barlow testified, and defendant readily admitted at the trial, that he had refused to be inducted, so that the admission of his induction center statement, if error, was at most harmless.

Defendant finally complains that four documents should not have been received in evidence. He failed, however, to object to these documents at trial and thereby waived the issue on appeal. United States v. Rizzo, 418 F.2d 71, 78 (7th Cir. 1969), certiorari denied sub nom. Tornabene v. United States, 397 U.S. 967, 90 S.Ct. 1006, 25 L.Ed.2d 260.[2]

We have considered all points raised by defendant's briefs and find them to be without merit. The judgment of conviction is affirmed.

---

2. As a final point, defendant has raised on appeal his objection to the trial judge's denial of bail pending appeal. No bail motion was presented in this Court, however, and the issue is not susceptible to meaningful disposition at this time. We express no opinion on the issue since it is mooted by this decision.