Mrs. Lealon (Lois) **COOLEY**, Individually and as tutrix, on behalf of her minor children, etc., Plaintiff-Appellant,

v.

**STRICKLAND TRANSPORTATION COMPANY et al.,** Defendants-Appellees.

No. 71-2956.

United States Court of Appeals, Fifth Circuit.

April 21, 1972.

Rehearing and Rehearing En Banc June 20, 1972.

J. Clem Drewett, Lake Charles, La., Paul A. Tucker, Powell, Tucker, Kain & Reedy, Houston, Tex., for plaintiff-appellant; Drewett & Jacques, Lake Charles, La., of counsel.

Allen L. Smith, Jr., Frank M. Brame, Lake Charles, La., Plauche, Smith & Hebert, for defendants-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

The appellant challenges the validity of a local rule of a federal district court providing that a civil jury "shall con-

sist of six members". The challenge relies on (1) the Seventh Amendment, (2) F.R.Civ.P. 48, and (3) 28 U.S.C. § 2072. We uphold the validity of the local rule. See Colgrove v. Battin, 9 Cir. 1972, 456 F.2d 1379 rejecting similar attacks on a local rule adopted by the District Court for the District of Montana providing that, "A jury for the trial of civil cases shall consist of six persons . . . .". See also Devitt, The Six Man Jury in the Federal Court, 53 F.R.D. 273 (1971).

The plaintiff-appellant, Mrs. Lois Cooley brought a diversity suit on behalf of herself and her minor children for damages resulting from the death of her husband. The case was tried to a six-member jury over the objection of all parties.[1] After a nine-day trial, the jury found for the defendants. Mrs. Cooley appeals.

## I.

▪ The appellant argues, first, that the local rule making the six-member jury mandatory in "all civil jury cases" deprives her of her Seventh Amendment "right to trial by jury".[2] We cannot agree. We hold that the twelve-member panel is not a necessary requirement of "the right of trial by jury" in civil cases.

In Williams v. Florida, 1970, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, the petitioner challenged the constitutionality of a Florida statute providing that "six men shall constitute a jury to try all . . . criminal cases [except capital cases]". The Supreme Court rejected the challenge and held that "petitioner's Sixth Amendment rights, as applied to the States through the Fourteenth Amendment, were not violated by Florida's decision to provide a six-man

---

1. Local Rule 13 for the United States District Court for the Western District of Louisiana filed April 9, 1971, and signed by all of the district judges in that district provides:

    Standing Rule Concerning Civil Jury Composition.

    Effective April 15, 1971, in all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, the jury shall consist of six members, with three peremptory challenges allowed to each opposing party. One alternate juror, in lengthy cases, will be empanelled, with one peremptory challenge allowed to each of the opposing parties.

    Thirty-two district courts have enacted similar rules. See Appendix A.

    At least thirty-seven states have in some manner and for certain cases legitimized civil juries of less than the traditional twelve: Ariz.Rev.Stat.Ann. § 21–102 (1956); Ark.Stat.Ann. § 26–608 (1947); Cal.Civ.Proc.Code § 194; Conn. § 51–133 (1958); Del.Super.Ct. (Civ.) R. 48; Fla. Constit., Art. I § 22, Art. V § 22, F.S.A. (1968), Fla.Stat. §§ 53.041, 73.071, F.S.A. (1969); Ga.Code Ann. § 6–403 (1935); Idaho Code Ann. § 2–105 (1947); Ill. Ann.Stat. ch. 79, § 49 (Smith-Hurd 1935); Ind.Ann.Stat. § 2–2001 (1933); Iowa Code Ann. § 603.34 (1950); Kan. Gen.Stat.Ann. § 20–812 (1949); Ky. Rev.Stat.Ann. § 29.015 (1955); Md. Rules of Proc. 544; Mich.Comp.Laws §§ 730.23, 730.267 (1948); Minn.Stat.Ann. § 488.21 (1957); Miss.Code Ann. § 1836 (1956); Mo.Ann.Stat. § 512.310 (1952); Mont.Rev.Codes Ann. § 93–1205 (1947); Neb.Rev.Stat. § 26–183 (1943); Nev.Rev. Stat. § 16.030 (1957); N.J.Rules 4:49–1; N.M.Stat.Ann. § 21–1–1 (48) (a) (1953); N.Y.Justice Ct.Act § 230; N.C.Gen.Stat. 7–152 (1953); N.D.Cent.Code § 33–07– 08 (1960); Ohio Rev.Code Ann. § 1901.24 (Page 1957); Okla.Stat.Ann. tit. 11, § 843 (1951); Ore.Rev.Stat. § 17.105 (1953); Pa.Stat.Ann. tit. 42, § 691 (1930); S.C.Code § 15–618 (1952); Vernon's Tex.Rev.Civ.Stat.Ann. art. 2191 (1925); Vt.Stat.Ann. tit. 12, § 1505 (1959); Wash.Rev.Code §§ 2.36.050, 4.44.120 (Supp.1956); W.Va.Code, Ann. § 50–7–1 (1931); Wis.Stat.Ann. § 270.15 (3) (1957); Wyo.Stat.Ann. § 1–552 (1957).

    Three states require civil juries of reduced size: Fla.Stat.Ann. § 54.14, F.S.A. (1943) (six jurors); Utah Const. art. I, § 10 (eight jurors); Va.Code Ann. § 8–193 (seven jurors).

2. In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law. U.S.Constit., Amend. VII.

rather than a 12-man jury". 399 U.S. at 103, 90 S.Ct. at 1907. The Court's consideration of the jury trial right in *Williams* was in the context of a discussion of the Sixth Amendment.[3] The Court therefore added a caveat to its holding:

> [W]e do not decide whether, for example, additional references to the "common law" that occur in the Seventh Amendment might support a different interpretation.

399 U.S. at 92, fn. 30, 90 S.Ct. at 1901.

Despite this caveat, we believe that the applicability of *Williams* to criminal cases answers the constitutional arguments leveled against the six-member civil jury.[4] As Justice White pointed out in *Williams*, in a criminal case "[t]he purpose of the jury trial . . . is to prevent oppression by the Government". 399 U.S. at 100, 90 S.Ct. at 1905. In a criminal case, because the liberty of the accused is at stake, the jury has always performed a zealously guarded role; a jury insures that, despite the efforts of " 'the corrupt or overzealous prosecutor and . . . complaint, biased, or eccentric judge' ", 399 U.S. at 100, 90 S.Ct. at 1905, an accused will not be deprived of his liberty without a judgment by his peers. No such role is performed by a jury in a civil case where property or damages are at stake. Whatever one considers the role of a civil jury and whatever importance attaches to that role, (see authorities cited in footnote 9), no one has ever contended that the function of the civil jury is *more* important than that of the criminal jury. Changes in the traditional jury, therefore, such as the change approved in *Williams*, which do not offend the concept of "trial by jury" within the context of a criminal case (Sixth Amendment) would not offend that concept within the context of a civil case (Seventh Amendment). It would be anomalous to the point of irrationality to construe the Constitution as sanctioning a six-member criminal jury but not sanctioning a six-member civil jury.

■ The Seventh Amendment is textually different from the Sixth Amendment. The Seventh Amendment twice refers to "common law". See footnote 2. We do not find these references determinative of the question of the size of the civil jury. The reference to "common law" in the first clause of the Seventh Amendment, the only clause with which we are concerned in the present case,[5] represents an intention by the Framers to distinguish between cases "in law," where a jury was traditionally used, and cases in equity and admiralty, where no jury, was used. Parsons v. Bed-

3. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence.
   U.S.Constit., Amend. VI.

4. *Williams* involved a challenge to the six-member criminal jury in state court. Although it has been argued that the Sixth Amendment right to trial by jury, and other Bill of Rights guarantees, should be applied to the states through the Due Process clause of the fourteenth amendment in a "watered down" version, this view has not prevailed. The Supreme Court's decision in *Williams* must be read as an interpretation of the Sixth Amendment, and, as such, its approval of a six-member criminal jury would apply to federal as well as state courts. The concurring opinion of Mr. Justice Harlan, the concurring and dissenting opinion of Mr. Justice Black, with whom Mr. Justice Douglas joined, and the dissenting opinion of Mr. Justice Marshal explicitly recognize this. See 399 U.S. at 107, 116–117, 118, 90 S.Ct. 1893. The majority's repeated reference to the petitioner's "Sixth Amendment rights" confirms it.

5. The reference to "common law" in the second clause of the Seventh Amendment modifies the prohibition contained in that clause and is not relevant to our present inquiry. *See* Parsons v. Bedford, 1830, 28 U.S. (3 Pet.) 433, 7 L.Ed. 732; Baltimore & Carolina Line v. Redman, 1935, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636.

ford, 1830, 28 U.S. (3 Pet.) 433, 445–446, 7 L.Ed. 732, 736–737. The available historical evidence indicates no intention of the Framers of the Bill of Rights to require "the exact procedural incidents or details of jury trial according to the common law in 1791." Galloway v. United States, 1943, 319 U.S. 372, 390, 63 S.Ct. 1077, 1087, 87 L.Ed. 1458; Henderson, The Background of the Seventh Amendment, 80 Harv.L.Rev. 289 (1966). See also Ross v. Bernhard, 1970, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729; Capital Traction Co. v. Hof, 1899, 174 U.S. 1, 13, 19 S.Ct. 580, 43 L.Ed. 873, 877; Shields v. Thomas, 1856, 59 U.S. (18 How.) 253, 15 L.Ed. 368; Aqwilines v. N. L. R. B., 5 Cir. 1936, 87 F.2d 146; Geneux v. Texas & Pac. Ry. Co., D.C.La. 1951, 98 F.Supp. 405.

Even assuming, as the Court does in *Williams*, that the common law jury in 1791 consisted of twelve members, that number is by no means sacred [6] and is, as the Court noted, "a historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics.'" 399 U.S. at 102, 90 S.Ct. at 1907.[7] Just as the Supreme Court in *Williams* refused to bind the Sixth Amendment to the twelve-member jury, despite a long line of cases holding that "the jury referred to in the Amendment was a jury 'constituted, as it was at common law, of twelve persons, neither more nor less'", 399 U.S. at 90, 90 S.Ct. at 1900,[8] we refuse to shackle the Seventh Amendment to "a historical accident, unrelated to the great purposes which gave rise to the jury in the first place". 399 U.S. at 89–90, 90 S.Ct. at 1900.

The "common law is not immutable but flexible, and by its own principles adapts itself to varying conditions." Funk v. United States, 1933, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 376. We may, as the Court did in *Williams*, consider not only "the intent of the Framers" but also "the function that the particular feature performs and its relation to the purposes of the jury trial." 399 U.S. at 99–100, 90 S.Ct. at 1905. Much has been written, favorable and unfavorable, about the civil jury and reducing the size of the jury.[9] Our task, however, is not to

6. As the Court noted in *Williams*:

   [C]ases interpreting the jury trial provisions of the Seventh Amendment generally leap from the fact that the jury possessed a certain feature at common law to the conclusion that that feature must have been preserved by the Amendment's simple reference to trial by "jury." E. g., Capital Traction Co. v. Hof, 174 U.S. 1, 13–14, 19 S.Ct. 580 [585], 43 L.Ed. 873, 877 (1899) American Publishing Co. v. Fisher, 166 U.S. 464 [468, 17 S.Ct. 618, 619] 41 L.Ed. 1079, 1081 (1897).

   399 U.S. at 92, fn. 30, 90 S.Ct. at 1901. Such interpretation is clearly erroneous after *Williams*. It can no longer be said that the simple reference to "jury", civil or criminal, means a twelve-member jury.

7. Lord Coke's explanation that the "number of twelve is much respected in holy writ, as 12 apostles, 12 stones, 12 tribes, etc." is typical.

   399 U.S. at 88, 90 S.Ct. at 1899. See 399 U.S. at 86–103, 90 S.Ct. 1893.

8. Quoting from Thompson v. Utah, 1898, 170 U.S. 343, 349, 18 S.Ct. 620, 42 L.Ed. 1061, 1066. See also Patton v. United States, 1930, 281 U.S. 276, 288, 50 S.Ct. 253, 74 L.Ed. 854, 858; Rassmussen v. United States, 1905, 197 U.S. 516, 519, 25 S.Ct. 514, 49 L.Ed. 862, 863; Maxwell v. Dow, 1900, 176 U.S. 581, 586, 20 S.Ct. 448, 44 L.Ed. 597, 599.

9. See Frank, Law and the Modern Mind (1930); Frank, Courts on Trial (1949); Zeisel, Kalven, & Buckholz, Delay in the Court 71–81 (1959); Peck, Do Juries Delay Justice? 18 F.R.D. 455 (1956); Desmond, Juries in Civil Cases—Yes or NO?, 47 J.Am.Jud.Soc. 219 (1964); Cong.Digest (Aug.-Sept. 1971). Kelven & Zeisel, The American Jury (1966); Green, Judge and Jury (1930); Rashkow, Abolition of Civil Jury: Proposed Alternatives, 15 DePaul L.Rev. 416 (1966); Tamm, A Proposal for Five-Member Civil Juries in the Federal Courts, 50 A.B.A.J. 162 (1964); The Jury System in Federal Courts-Report of the Judicial Conference Committee on the Operation of the Jury System, 26 F.R.D. 411, et seq. (1960); Lumbard, Trial by Jury and Speedy Justice, 28 Wash. & Lee L.Rev. 309 (1971); Zeisel, . . . And Then There were None: The Diminution of the Federal Jury, 38 U.Chi.L.Rev. 710 (1971); Tamm, The Five-Man Civil Jury: A

decide the merits of a twelve-man jury but to decide whether the federal district courts may constitutionally reduce the size of the civil jury. The Supreme Court has asserted that "the reliability of the jury as a factfinder hardly seems likely to be a function of its size", 399 U.S. at 100–101, 90 S.Ct. at 1906, and that the six-member jury in the criminal context performs its "function" as well as the twelve-member jury. *See* 399 U.S. at 99–102, 90 S.Ct. 1893. We feel compelled to make the same evaluation in a civil context. "The aim of the [Seventh] amendment . . . is to preserve the substance of the common-law right of trial by jury, as distin-

guished from mere matters of form or procedure . . . ." Baltimore & Carolina Line v. Redman, 1935, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636, 1638.[10]

### II.

Rule 48 of the Federal Rules of Civil Procedure provides:

> The parties may stipulate that the jury shall consist of any number less than twelve or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury.[11]

■ The appellant asserts that the local district court rule requiring a six-

---

proposed Constitutional Amendment, 51 Georgetown L.J. 120 (1962) ; Hofstadter, Alternate Proposals to the Compensation Plan, 42 Corn.L.Q. 59 (1956) ; Phillips, A Jury of Six in All Cases, 30 Conn.B.J. 354 (1956) ; Six Member Juries Tried in Mass. District Court, 42 J.Am.Jud.Soc'y 136 (1958) ; Herndon, The Jury Trial in The Twentieth Century, 32 L.A.B.Bull. 35 (1956) ; Wiehl, The Six-Man Jury, 4 Gonzago L.Rev. 35 (1968) ; Devitt, The Six-Man Jury in the Federal Court, 53 F. R.D. 273 (1971) ; Reducing the Size of Juries, 5 U. of Mich.J. of Law Reform 87 (1971) ; Cronin, Six-Member Juries in District Courts, Boston Bar J. 27 (April 1958) ; Note, Defendant's Right to a Jury Trial—Is Six Enough?" 59 Ky.L.J. 997 (1971) ; An Extensive bibliography is found in Hearing Before the Subcommittee to Investigate the Administration of the Internal Security Act of the Senate Committee on the Judiciary, 84th Cong., 1st Sess., pp. 63–81 (1955).

10. In 1933, for all practical purposes jury trial in civil cases was abolished in England, the source of the common law. See Jackson, The Machinery of Justice in England 64165 (1963) ; Devlin, Trial by Jury 120–133 (1956). For a discussion of other instances of abolition of the use of the jury and other incursions on its traditional use and form, se Melancon v. McKeithen, E.D.La.1972, [No. 3390, March 1, 1972] (3-judge district court).

11. The statutory authorization for enactment of the Rules Provides :

The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Con-

gress and rules of practice and procedure prescribed by the Supreme Court. 28 U.S.C. § 2071.

The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions.

Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as at common law and as declared by the Seventh Amendment to the Constitution.

Such rules shall not take effect until they have been reported to Congress by the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May, and until the expiration of ninety days after they have been thus reported.

All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.

28 U.S.C. § 2072. The latter section preserves "the right of trial by jury as at common law". This language was included in the predecessor statute in anticipation of the fusion of law and equity in the new federal rules. See Act of June 19, 1934, ch. 651, § 2, 48 Stat. 1064. The language seeks to preserve the right to jury trial, not in the form of the common law jury, but in those cases in which there was a right to jury trial at common law. See 5 Moore's Federal Practice, Para. 38106, at 44.

member civil jury in certain cases is invalid because it is inconsistent with Rule 48.[12] This argument has two parts. First, the appellant contends that the local rule is invalid as inconsistent with Rule 48, because it deprives her of a twelve-member jury which Rule 48, as she reads it, guarantees. This argument is, however, misplaced. Rule 48 does not, on its face, guarantee a twelve-member jury, and we cannot imply such a guarantee in the Rule. When the drafters of the Rules wished to guarantee a twelve-member jury, they knew how to use express language to that effect. See F.R. Crim.P. 23(b).[13] Furthermore, the presence of Rule 48 with Rule 38(a)[14] in the Federal Rules of Civil Procedure indicates that the drafters did not intend to enshrine the common law jury with all its details, including twelve members, in Rule 48. For, Rule 48, despite Rule 38 (a) and the preservation of "[t]he right of trial by jury . . . inviolate", abrogates the common law notion that the parties may not stipulate to a jury of less than twelve members.[15]

Second, the appellant argues that the local rule is invalid, as inconsistent with Rule 48, because it deprives her of the right to stipulate to a jury of "any number less than twelve" which Rule 48, as she reads it, guarantees.[16] Rule 48, however, deals only with a stipulation by "[t]he parties". It does not purport to prevent court rules which provide for civil juries of reduced size. We refuse to read a negative implication into Rule 48 so as to bar the local rule at issue here.

Other considerations lead us to conclude that Rule 48 does not prevent enactment of the local rule or invalidate the local rule because of an apparent inconsistency with Rule 48. Rule 48 was drafted and adopted before the Supreme Court decision in Williams v. Florida. It was, therefore, drafted and adopted in light of the then long established line of cases holding that a jury must consist of twelve members.[17] See, e. g., Thompson

12. Rule 83 of the Federal Rules of Civil Procedure authorizes local district court rules.

> Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

13. Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12.
F.R.Crim.P. 23(b).

14. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.
F.R.C.P. 38(a).

15. Rule 48 provides for juries of less than 12 by stipulation.

> There used to be an idea that you couldn't stipulate for juries of less than 12 men, particularly in a criminal court case. While this rule does not apply to criminal cases, yet it rests upon the doctrine which Mr. Justice Sutherland announced in a celebrated criminal case, that there is an absolute right by agreement to waive trial by jury in any case, and that the right to waive the whole jury included the right to waive any lesser number.

Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute on Federal Rules 312 (Dawson, ed. 1938).

16. This argument is technically not applicable to the present case because the parties did not ask for a jury of "any number less than twelve" but rather demanded a jury of twelve.

17. As Judge Merrill, for the Court, observed in Colgrove v. Battin:
> "Rule 48 must, we feel, be read in light of the fact that at the time of promulgation a jury of twelve was the only jury known to the federal law and was thought to be constitutionally required. The rule as promulgated thus provided means for

v. Utah, 1898, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061; Patton v. United States, 1930, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854; Maxwell v. Dow, 1900, 176 U.S. 581, 20 S.Ct. 448, 44 L.Ed. 597. After *Williams,* however, the constitutional interpretation upon which Rule 48 was based is no longer valid. In light of *Williams,* we cannot read Rule 48 as guaranteeing the twelve-member jury or as precluding a local rule establishing a six-member jury.

### III.

■ The record in the present case indicates that the local rule at issue here was, as required by Rule 83 (see footnote 12), "furnished to the Supreme Court of the United States". We interpret the Supreme Court's receipt of the local rule without objection as indicating tacit approval of the rule. As a subordinate federal court, we are reluctant to overturn a local rule to which the Supreme Court has not objected. Thirty-one other district courts have promulgated similar rules and presumably, as Rule 83 requires, each of these other district courts submitted its rule to the Supreme Court. Accordingly, we interpret the Supreme Court's acceptance without objection of district court rules for a six-member civil jury some indication of constitutional validity of the rule.[18]

obtaining a less cumbersome fact-finding body than was otherwise provided by law by allowing the parties in a civil trial together to waive their individual rights to a jury of a certain size. To read it to provide means for enlarging the jury, i. e., as an affirmative grant of a *right* to the parties to demand more than the law otherwise requires, is to stand it on its head.

Judge Devitt, Chief Judge of the United States District Court for the District of Minnesota, writing on the subject of the six-man jury in federal courts, states with reference to Rule 48:

'This rule was adopted before the *Williams* decision and was drafted in the light of the then long established constitutional interpretation, see Thompson

■ We are not impressed with the contention that the local rule cannot stand in light of 28 U.S.C. § 2072, the statute authorizing promulgation by the Supreme Court of the Federal Rules of Civil Procedure. Judge Merrill answered this contention in Colgrove v. Battin:

Here we are confronted with the phrase "right of trial by jury as at common law." This language upon its face would appear to deny to the Supreme Court authority to dispense with any characteristics of the jury or of trial by jury known to the common law. This would indeed be a sweeping limitation. The Congress has, it is true, dealt extensively with the jury system. 28 U.S.C. § 1861 et seq. It is hardly conceivable, however, that it was felt that the Supreme Court should not be allowed initially to move in interstitial areas save in accordance with perhaps archaic common law procedures.

An historical inquiry suggests that the language in question was included in the predecessor statute, Act of June 19, 1934, ch. 651, § 2, 48 Stat. 1064, in anticipation that the forthcoming rules would unite law and equity and to assure that with such union the right of trial by jury would be neither expanded nor contracted. 5 Moore's Federal Practice ¶ 38.06 at 44 (2d ed. 1971). *See also* House

v. Utah, [170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898)], that a jury must consist of 12 members. But an inference that Rule 48 now requires a jury of 12 absent a stipulation is in my view, not a proper post-*Williams* interpretation of the Rule.' Devitt, The Six Man Jury in the Federal Court, 53 F.R.D. 273, 274 n. 1 (1971)."

18. The appellant also argues that the district court erred in denying her motion for a new trial based on a juror's alleged failure to disclose previous contacts with witnesses in the case. We have carefully examined the record and the district court's opinion and find this contention unpersuasive.

Rep.No.1829, 73rd Cong., 2d Sess. (1934).

We conclude with the words of Mr. Justice Brandeis:

The command of the Seventh Amendment that "the right of trial by jury shall be preserved" does not require that old forms of practice and procedure be retained . . . New devices may be used to adapt the ancient institution [jury trial] to present needs and to make of it an efficient instrument in the administration of justice. Indeed, such changes are essential to the preservation of the right. The limitation imposed by the amendment is merely that enjoyment of the right of trial by jury be not obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with."

Ex parte Peterson, 1920, 253 U.S. 300, 309–310, 40 S.Ct. 543, 546, 64 L.Ed. 919, 923–924.

The judgment is affirmed.

### APPENDIX A

The following district courts, by rule or order, have fixed the number of jurors in some civil cases at less than the traditional twelve:

1. *Minnesota* (November 12, 1970)
   "In all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, the jury shall consist of six members." (Effective January 1, 1971)

2. *Illinois, Eastern* (December 10, 1970)
   "In all civil jury cases the jury shall consist of six members." (Effective September 1, 1971)

3. *Illinois, Southern* (January 21, 1971)
   "In all jury cases, except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective May 1, 1971)

4. *Florida, Southern* (February 8, 1971)
   " . . . all civil jury cases, jurisdiction for which is based upon 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, shall be tried to a jury which shall consist of six members." (Effective March 1, 1971)

5. *Kentucky, Western* (February 17, 1971)
   "In all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, the jury shall consist of six members." (Effective February 22, 1971)

6. *New Mexico* (February 19, 1971)
   "In all civil jury cases the jury shall consist of six (6) members." (Effective May 1, 1971)

7. *Wyoming* (February 25, 1971)
   "In all civil jury cases, jurisdiction for which is based upon 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, the jury shall consist of six members." (Effective May 1, 1971)

8. *Indiana, Southern* (February 26, 1971)
   "In all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy), 45 U.S.C. § 51 (Federal Employers' Liability Act), 46 U.S.C. § 688 (Jones Act), and cases involving condemnation of real and personal property under the power of eminent domain under the laws of the United States, the jury shall consist of six (6) jurors." (Effective May 1, 1971)

9. *California, Central* (March 8, 1971)
   "In all cases in which a jury is demanded in civil cases, trial of the cause shall be before a jury consisting of six (6) members." (Effective March 15, 1971)

10. *Indiana, Northern* (March 10, 1971)
    "In all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy), 45 U.S.C. § 51 (Federal Employers' Liability Act), 46 U.S.C. § 688 (Jones Act), and cases

involving condemnation of real and personal property under the power of eminent domain under the laws of the United States, the jury shall consist of six (6) jurors." (Effective May 1, 1971)

11. *Kansas* (March 11, 1971)

"In all civil jury cases, except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective June 1, 1971)

12. *California, Southern* (March 19, 1971)

"In all cases in which a jury is demanded in civil cases, trial of the cause shall be before a jury consisting of six (6) jurors." (Effective April 15, 1971)

13. *Hawaii* (March 31, 1971)

"In all civil jury cases for which jurisdiction is based on 28 United States Code, Section 1332, 45 United States Code, Section 51, and 46 United States Code, Section 688, the jury shall consist of six members." (Effective April 12, 1971)

14. *Louisiana, Western* (April 9, 1971)

"In all civil jury cases, jurisdiction for which is based on 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, the jury shall consist of six members, with three peremptory challenges allowed to each opposing party. One alternate juror, in lengthy cases, will be empanelled, with one peremptory challenge allowed to each of the opposing parties." (Effective April 15, 1971)

15. *Pennsylvania, Eastern* (April 13, 1971)

"(a) Except as provided in (b), juries in civil cases shall consist, initially, of eight (8) members. Trials in such cases shall continue so long as at least six (6) jurors remain in service. If the number of jurors falls below six (6), a mistrial shall be declared upon prompt application therefor by any party then on the record. (b) Trial by a jury consisting of twelve (12) members may be had if written demand therefor (with notice to all parties) is filed with the court not less than thirty (30) and not more than sixty (60) days following service of the last pleading directed to the issue triable of right by the jury.

(c) This rule shall become effective on May 1, 1971. All civil jury cases pending in this court on the effective date hereof shall be tried in accordance with sub-division (a) unless demand for trial by jury consisting of twelve (12) members is made within fifteen (15) days following the effective date of this rule." (Effective May 1, 1971)

16. *District of Columbia* (April 16, 1971)

"In all civil cases tried in this Court the jury shall consist of six (6) members, except in cases of eminent domain." (Effective June 1, 1971)

17. *Louisiana, Eastern* (April 20, 1971)

"In all civil jury cases, the jury shall consist of six (6) members." (Effective May 1, 1971)

18. *Colorado* (April 21, 1971)

"In all civil jury cases, except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective June 1, 1971)

19. *Texas, Western* (May 1, 1971)

"In all civil jury cases, except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective July 1, 1971) (As amended July 1, 1971)

20. *Illinois, Northern* (May 18, 1971)

"In all jury cases, except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective September 13, 1971)

21. *New York, Eastern* (May 19, 1971)

"In order to obtain a jury of twelve, the party demanding a jury trial pursuant to F.R.C.P. 38 must specify a jury of twelve in his demand. If a jury is timely demanded without

specifying a jury of twelve, any other party entitled to a jury trial of right may secure a trial by a jury of twelve by serving upon the other parties and a demand specifying a jury of twelve not later than the later of (a) the time provided in F.R.C.P. 38(b), or (b), ten days after the service of a timely demand for a jury which has not specified a jury of twelve." (Effective September 1, 1971)

22. *Florida, Middle* (May 27, 1971)

"All civil jury cases, jurisdiction for which is based upon 28 U.S.C. § 1332, 45 U.S.C. § 51, and 46 U.S.C. § 688, shall be tried to a jury which shall consist of six members." (Effective July 1, 1971)

23. *Pennsylvania, Western* (May 27, 1971)

"In all civil jury cases the jury shall consist of six members. This Rule shall be applicable to all civil actions tried in this District on or after September 1, 1971." (Effective September 1, 1971)

24. *New Jersey* (May 28, 1971)

"In all civil jury actions, except as may be otherwise expressly required by law, the jury shall consist of six members." (Effective September 1, 1971)

25. *Oregon* (June 7, 1971)

"(a) In all civil cases tried in this court to a jury the number of jurors shall be six unless otherwise ordered by the court.

(b) This provision shall not alter the number of challenges available to a party under 28 U.S.C. Sec. 1870 or Rule 49(b) Fed.Rules Civ.Proc." (Effective July 1, 1971)

26. *Maryland* (June 10, 1971)

"In civil cases in which trial by jury has been demanded pursuant to F.R.C.P. 38, the jury shall consist of six jurors, plus such number of alternate jurors, as the court may deem necessary, unless a party to the action, not less than thirty (30) days before the date of trial requests in writing, a jury of twelve." (Effective August 10, 1971)

27. *Alabama, Middle* (July 12, 1971)

"In all civil jury cases the jury shall consist of six (6) members." (Effective August 15, 1971)

28. *Wisconsin, Eastern* (July 26, 1971)

"In all jury cases except as may be otherwise expressly required by law or controlling rule, the jury shall consist of six members." (Effective September 1, 1971)

29. *New Hampshire* (July 27, 1971)

"(a) *Number of Jurors and Initial Selection*

(1) In all civil jury cases, the jury shall consist of six members and the clerk shall select by lot the names of six persons to be drawn initially.

(2) In all criminal jury cases, the jury shall consist of twelve members and the clerk shall select by lot the names of twelve persons to be drawn initially". (Effective September 1, 1971)

30. *Montana* (Filed July 14, 1971)

(d) *Jury Trials*

(1) A jury for the trial of civil cases shall consist of six persons plus such alternate jurors as may be impaneled.

31. *Rhode Island* (Filed September 20, 1971)

(a) *Six-man juries.* In all civil jury cases, the jury shall consist of six members. The jury in a criminal case shall consist of twelve members, except as provided in Rule 23(b) of the Federal Rules of Criminal Procedure. (Effective September 27, 1971)

*See* Zeisel, . . . And Then There were None: The Diminution of the Federal Jury, 38 U.Chi.L.Rev. 710 (1971)

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent.

The Seventh Amendment reads as follows:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

The Constitutionally mandatory character of the twelve member jury in Seventh Amendment cases was unmistakably enunciated by the Supreme Court in the *civil* case of Capital Traction Company v. Hof, 174 U.S. 1, 19 S.Ct. 580, 43 L.Ed. 873 (1899).

This is the last Supreme Court case directly in point. It is binding on the inferior courts until such time as it may be overruled by the same Court which decided it.

The present majority opinion does not discuss *Hof*. This despite the fact that the opinion there rendered was most thoroughly researched and is a definitive analysis of the Seventh Amendment, handed down in a day when Mr. Chief Justice Fuller presided, serving with jurists like Mr. Justice Harlan, Mr. Justice Gray, and Mr. Justice White, later Chief Justice of the United States. *Hof* repeatedly stated that trial by jury in the primary and usual sense of the term at common law and in the American constitutions is "a trial by a jury of 12 men in the presence and under the superintendence of a judge empowered to instruct them, * * *."

Indeed, the Court said, "This proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion. Yet there are unequivocal statements of it to be found in the books." Whereupon, the Court proceeded to catalog those statements, including a decision of the Supreme Court of Ohio that the requirement of twelve men for a jury at common law "is as well settled as any legal proposition can be".

I do not know whether the widow in the case now before us can, or will, seek certiorari in the Supreme Court. She should not have to do so. The burden should be on those who seek to overturn a rule of Constitutional Law that has stood since 1789—until it occurred to someone that this emphatic pronouncement of both the Constitution and the Supreme Court could be overturned by a local rule for the sake of convenience.

I must say further that even if I were without the guidance of *Hof* I would nevertheless dissent. If, for reasons of convenience, a District Court by local rule may reduce the size of a jury from twelve to six, why may it not on the same reasoning reduce the number to three, or some other number which would greatly impair, if not effectually destroy, the reasons underpinning trial by jury?

We live in a time of great emphasis on constitutional rights, particularly the rights of those charged with crime or who wish to undermine by whatever means available the effectiveness of those charged with the performance of official duty. In my opinion, the *greatest of all constitutional rights* is the right of trial by jury. I would not see it impaired by the most insignificant scintilla, much less by a rule which has the potential of eventually emasculating it.

Rule 48 is to me crystal clear. It means that only by stipulation of the parties may a jury be reduced to less than twelve. The Rule, of course, has the effect of a statute. Courts cannot alter or revise statutes. I emphatically disagree with the idea that a statute may be parsed away [in fact, repealed] by court order on the theory that those who enacted it in plain and unambiguous terms were actually under a misapprehension as to some other rule of law. If the Rule is to be abrogated it should

be done by the procedure available to those who would seek that end.

Moreover, "the receipt [by the Supreme Court] of a local rule without objection" does not indicate "tacit approval of the rule". The judicial power of United States Courts reaches only to cases and controversies. The Supreme Court renders no advisory opinions, either by silence or otherwise.

I would reverse and remand this case for a new trial before twelve jurors.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule (2) the Petition for Rehearing En Banc is also denied.

Coleman, Circuit Judge, adheres to the dissenting opinion originally filed in this case. Learning that a petition for certiorari has been filed with the Supreme Court from another Circuit on the identical question here involved, nothing further is written at this time.

Before JOHN R. BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

CLARK, Circuit Judge (dissenting):

I agree in part with Judge Coleman's dissent from the panel opinion. By 28 U.S.C.A. § 2072, Congress has reposed rulemaking power for district courts of the United States in the Supreme Court alone. By Rules 48 and 83 that Court has vested the prerogative of reducing the 12-man size of juries in the parties alone. The lack of any other mention of authority to diminish this institution, prevents me from reasoning that it is somehow implicitly conveyed. Certainly, neither the number of courts which have assumed to exercise this function, nor the expediency which a new day seems to demand, can supply this deficit of power in the district courts. I respectfully dissent to the court's failure to grant rehearing en banc.