UNITED STATES of America,
Plaintiff-Appellee,

v.

Bryan Wilson TAYLOR,
Defendant-Appellant.

No. 74–2099.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1975.

James L. Mitchell, Fred E. McDonald, Dallas, Tex., for defendant-appellant.

Frank D. McCown, U. S. Atty., William F. Sanderson, Asst. U. S. Atty., Ft.

Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Appellant, Bryan Wilson Taylor, was tried to a jury on a twenty-seven count indictment for violations of Title 18, U.S.C., Sec. 1341, the mail fraud statute. Sixteen counts were submitted to the jury. After deliberations began, but before a verdict was returned in open court, one juror suffered a heart attack and died shortly thereafter. The district judge satisfied herself that all twelve jurors had reached agreement on counts 7, 9 and 11 prior to the illness of the twelfth juror, and thereupon accepted a verdict of guilty on these counts over appellant's objection and entered a judgment of conviction. She declared a mistrial as to the remaining thirteen counts.

Appellant was fined $1,000 and sentenced to five years imprisonment under counts 7 and 11, to run concurrently, and received a suspended sentence, five years probation and a fine of $1,000 under count 11. We conclude that acceptance of a guilty verdict under such circumstances denied appellant his right to trial by a jury composed of twelve jurors. Accordingly, we reverse.

In greater detail, the facts were as follows. The case was submitted to the jury at 2:25 P.M. on February 13, 1974. At 11:45 A.M. the following day, during the lunch recess, juror Misenhimer had a heart attack. He was immediately removed to a hospital and pronounced dead on arrival. No verdict had then been signed in the jury room or returned in open court.

The district judge assembled the remaining jurors in the courtroom at 1:45 P.M. and inquired of the foreman whether all twelve had agreed upon a verdict on any counts prior to the time Mr. Misenhimer was stricken. On being informed that they had, the court instructed the foreman to retire with the jury and take a poll to determine whether the vote taken earlier was still the vote of the remaining eleven. If this proved to be so, he was to sign the verdict and return it to the court.

Appellant's attorney objected at this stage in the proceedings, asserting that any verdict, even a favorable one, would deny Taylor his right to a twelve member jury. The objection was overruled.

The jurors returned into court five minutes later with a verdict of guilty under counts 7, 9, and 11. The court directed that a poll be taken in the courtroom. This procedure revealed that each of the eleven remaining jurors concurred in the verdict. The court inquired of the foreman whether the deceased juror had voted in accordance with the verdict of guilty and, upon being assured that he had, accepted the verdict as rendered.

While the district judge recognized that appellant was entitled to a jury of twelve, she evidently believed that this requirement was satisfied as to those counts on which agreement had been reached in the jury room prior to juror Misenhimer's death. We disagree.

A criminal defendant in the federal courts is entitled, under the command of F.R.Crim.P. 23(b), to a trial by a twelve member jury.[1] See the dissenting opinion of Mr. Justice Harlan in Baldwin v. New York, 1970, 399 U.S. 66,

---

1. F.R.Crim.P. 23(b) reads as follows:

> (b) Jury of Less Than Twelve. *Juries shall be of 12* but at any time before verdict the parties may stipulate in writing with the approval of the court *that the jury shall consist of any number less than 12.* (emphasis added)

Whether a federal criminal defendant is *constitutionally* entitled to a jury of twelve is

subject to serious question by reason of the Supreme Court's decision that a *state* criminal defendant has no such constitutional right, Williams v. Florida, 1970, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, because of the broad language of the holding. We do not find it necessary to address the constitutional issue, resting our decision, rather, on the violation of F.R.Crim.P. Rule 23(b).

**168**

127 n. 13, 90 S.Ct. 1886, 1920, 26 L.Ed.2d 437, 469, the companion case to *Williams*, note 1, supra, as well as our decision in Cooley v. Strickland Transportation Co., 5 Cir. 1972, 459 F.2d 779, cert. denied, 413 U.S. 923, 93 S.Ct. 3069, 37 L.Ed. 1045. While a defendant in a federal criminal case may waive this right—by agreeing to trial by the court or by a jury of less than twelve, or by entering a plea of guilty—he may not be deprived of the right without his express and intelligent consent. See F.R.Crim.P. 23(b); Patton v. United States, 1930, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854; United States v. Ricks, 1973, 155 U.S.App.D.C. 57, 475 F.2d 1326; Horne v. United States, 5 Cir. 1959, 264 F.2d 40, cert. denied, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549.

 The question involved on this appeal is at what point this right, when not waived, has been satisfied. We hold that a jury has not reached a valid verdict until deliberations are over, the result is announced in open court, and no dissent by a juror is registered.[2] If a juror falls ill and cannot continue before this has occurred, the verdict announced in court may not be accepted as a verdict of twelve; and a criminal defendant is entitled to a new trial.

Surprisingly, we have discovered no cases directly on point.[3] Only one, Humphries v. District of Columbia, 1899, 174 U.S. 190, 19 S.Ct. 637, 43 L.Ed. 944, bears on the issue before us, a fact which attests to the infrequency with which this problem arises. But we find ample directional signals to aid us in reaching a decision.

 We look to the rubric that votes taken in the jury room prior to being returned in court are preliminary. See Posey v. United States, 5 Cir. 1969, 416 F.2d 545 at 554, cert. denied, 397 U.S. 946, 90 S.Ct. 965, 25 L.Ed.2d 127; Bruce v. Chestnut Farms-Chevy Chase Dairy, 1942, 75 U.S.App.D.C. 192, 126 F.2d 224, 225; California Fruit Exchange v. Henry, W.D.Pa.1950, 89 F.Supp. 580, aff'd 3 Cir., 184 F.2d 517; Finn v. Carnegie-Illinois Steel Corp., S.D. Pa.1946, 68 F.Supp. 423. This applies particularly where more than one count has been submitted to the jury, for continuing deliberations may shake views expressed on counts previously considered. Jurors are not bound by votes in the jury room and remain free to register dissent even after the verdict has been announced, though before the verdict is recorded. See *Posey,* supra; *Bruce,* supra; *California Fruit Exchange,* supra; *Finn,* supra. To uphold a verdict announced after one juror has died deprives a criminal defendant of the very real benefit of reconsideration and change of mind or heart. The district judge implicitly recognized this when she instructed the jurors to return to the jury room to make sure their earlier vote had not changed. The end result was judgment by eleven.

The government, in urging that the verdict was properly received by the district court, relies upon the Supreme Court decision in *Humphries,* supra, involving a collateral attack on a judgment entered in a civil damage suit. The jury in that case had been instructed by the lower court to return a sealed verdict, signed by each juror. After the

---

**2.** Even at this point, where the verdict is announced to the court and no dissent is voiced, the verdict may not be accepted by the court if a poll taken before the verdict is recorded indicates lack of unanimity. See United States v. Sexton, 5 Cir. 1972, 456 F.2d 961; United States v. Bendicks, 5 Cir. 1971, 449 F.2d 313.

**3.** In United States v. Ricks, 1973, 155 U.S. App.D.C. 57, 475 F.2d 1326, though it is not entirely clear from the opinion, a juror apparently was excused after deliberations began but before agreement on a verdict had been reached. The remaining eleven jurors, directed to "resume" deliberations, returned 39 minutes later. Id. at 1327. The D.C. Circuit Court of Appeals upheld the acceptance of the guilty verdict under circumstances showing that an express, knowing and intelligent waiver of a jury of twelve had been made by the defendant, holding that the absence of a writing required by F.R.Crim.P. 23(b) was not fatal. There was no waiver involved in the case before us.

jury concluded its deliberations, the verdict was signed and sealed, as directed. The foreman, however, became ill and was not present in court the following day when the sealed verdict was returned. In his stead, he sent his personal physician, to whom he had delivered the sealed verdict. The eleven jurors who were present testified that they had signed the verdict and each had witnessed the foreman's signature. The trial court accepted the verdict. The Supreme Court upheld the district court's refusal to vacate the judgment.

*Humphries* contains distinguishing factors not present in the case before us. First and foremost, *Humphries* involved collateral attack upon the judgment rather than a direct appeal. Dictum in the opinion indicates that, had the case arisen on direct appeal, a different result would likely have been obtained.[4] Second, *Humphries* was a civil and not a criminal action. Third, deliberations in the jury room had concluded. The verdict had been signed by all twelve, sealed, and delivered to the foreman. The vote of the eleven jurors present in the courtroom did not change, as a poll revealed. The vote of the absent foreman remained unchanged, as evidenced by his delivery of the sealed verdict to his physician to be forwarded to the court. See 174 U.S. at 194, 19 S.Ct. at 638, 43 L.Ed. at 945. Fourth, the absent juror was ill, not dead, and remained available to the court even though not before the court.

The absence of all of these factors in the case before us impels us to a different result. Appellant Taylor prosecutes a direct criminal appeal. Since deliberations on all counts had not been completed no verdict had been signed by anyone

when the juror Misenhimer was stricken. Finally, death unalterably removed the missing juror from the court's reach. The district judge had no available means to determine how the juror would have stood when the verdict was actually announced.

■ Our decision is based on the denial of appellant's right guaranteed by F.R.Crim.P. Rule 23(b) to a twelve member jury, not on denial of the right to ask for a poll, which cannot be exercised until a verdict has been announced. See United States v. Marr, 7 Cir. 1970, 428 F.2d 614, holding that request to poll made prior to the announcement of the verdict was premature, and that failure to request a poll after the verdict was returned constituted an abandonment of that right. The verdict itself here being invalid, we do not reach the issue of whether a criminal defendant has been denied his right to poll the jury and whether such a denial requires reversal.

What result would obtain if a juror dies after a verdict has been announced in open court but before a poll has been conducted, a situation which troubled the Supreme Court in *Humphries*, is not before us.

We hold then that no verdict was returned to the lower court prior to the death of the juror, Misenhimer. It was error to allow the remaining eleven to return a verdict in accordance with the preliminary vote of all twelve taken prior to that death. The right of trial by a jury of twelve should not have been dispensed with despite a good faith belief by the court that the absent juror, if present, would have acquiesced in the verdict as it was returned in open court by the remaining eleven jurors.

Reversed.

---

4. The Supreme Court noted that, if the lower court had committed error by accepting the verdict, it was a type of error which could be corrected only on direct appeal. 174 U.S. at 194, 195, 19 S.Ct. at 639, 43 L.Ed. at 945, 946. We observe also that the Supreme Court was

of the opinion that the record before it implicated only the right to poll, not the right to a twelve member jury because it was clear that the verdict had received the assent of all twelve. See 174 U.S. at 195, 19 S.Ct. at 639, 43 L.Ed. at 946.