**UNITED STATES of America, Plaintiff,**

v.

**Dennis K. KANAHELE (01), a.k.a. "Bumpy", Gordon Kaaihue (02), Defendants.**

**Criminal No. 95–00764 HG.**

United States District Court,
D. Hawai'i.

Feb. 22, 1996.

**946**

Leslie E. Osborne, Jr., United States Attorneys Office, Honolulu, HI, for U.S.

Hayden Aluli, Honolulu, HI, for Defendant Dennis K. Kanahele.

Sidney Michael Quintal, Honolulu, HI, for Defendant Gordon Kaaihue.

### ORDER DENYING DEFENDANTS' JOINT MOTION FOR JUDGMENT OF ACQUITTAL AND/OR DISMISSAL OF COUNT I

GILLMOR, District Judge.

#### BACKGROUND

On August 2, 1995, a grand jury returned an indictment against Dennis K. Kanahele, a.k.a. "Bumpy," and Gordon Kaaihue. Kanahele and Kaaihue were both charged with knowingly and wilfully obstructing the execution of a federal arrest warrant in violation of 18 U.S.C. § 1501 (Count I). Kanahele was also charged with forcibly interfering with a deputy United States Marshal in the performance of his duties in violation of 18 U.S.C. § 111 (Count II) and harboring a federal fugitive in violation of 18 U.S.C. § 1071 (Count III). The trial of defendants Kanahele and Kaaihue commenced on October 11, 1995. The case was submitted to the jury on October 27, 1995.

On October 30, 1995, the second day of jury deliberations, the jury sent the Court a note indicating they had reached an impasse and were unable to agree upon a verdict as to Counts II and III. After consultation with counsel, the Court delivered the modified *Allen* charge to the jury on the morning of October 31, 1995 and instructed them to resume deliberations. Later that same day, however, the Court found manifest necessity for declaration of a mistrial primarily because of juror misconduct. At the time the mistrial was declared, the jury had not returned a verdict as to any of the counts charged in the indictment.

On November 9, 1995, defendants filed a Joint Motion for Judgment of Acquittal and/or Dismissal of Count I. The motion argues for acquittal or dismissal of Count I based upon newspaper accounts that quote two jurors, who were interviewed after the mistrial was declared, as saying that the jury was inclined to acquit the defendants of the crime charged in Count I.

#### DISCUSSION

An agreement among the jurors as to a particular charge or defendant becomes final only after it has been returned in open court. *Rice v. Wood,* 44 F.3d 1396, 1402 (9th Cir.1995) (citing *United States v. Taylor,* 507 F.2d 166, 168 (5th Cir.1975)); Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 513 (1982). Prior to that time the verdict is preliminary and subject to reconsideration by the jurors. *Rice,* 44 F.3d at 1402. As a result, even if the newspaper accounts of what the jurors said were accurate, a jury's agreement to acquit the defendants of the crime charged in Count I of the indictment, which has not been returned in open court, has no legal significance and cannot serve as the basis for a judgment of acquittal or dismissal.

Nor was the Court obliged to inquire into the possibility of a partial verdict when the jury represented that it had reached an impasse. The October 30, 1995 jury communication indicated the jury was unable to agree as to Counts II and III. After the Court announced that it had decided to deliver the modified *Allen* charge, counsel for defendant Kaaihue proposed that the Court inquire whether a verdict had been reached

regarding Count I. Kanahele's counsel opposed the inquiry, noting that the jury had not asked for any instructions regarding Count I and that the Court should not "give them something when they haven't asked for it." Trial Transcript, October 31, 1995, at 7. The government also advised against the inquiry, suggesting it raised the specter of jury coercion. *Id.* at 7.

■ In the Ninth Circuit, the decision whether to question a potentially deadlocked jury regarding the prospects for reaching a partial verdict is committed to the sound discretion of the trial judge. *United States v. Ross,* 626 F.2d 77, 81 (9th Cir.1980); *United States v. Armstrong,* 654 F.2d 1328, 1333 (9th Cir.1981). In light of the division among counsel and the concerns they expressed in the present case, the Court elected not to inquire into whether a partial verdict had been reached at that point in time. That decision represents a proper exercise of the Court's discretion and does not warrant judgment of acquittal or dismissal as to Count I of the indictment.

The standard for a judgment of acquittal is the same regardless of when the motion is made. The Court is to direct acquittal "if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). The evidence is insufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the government, no rational trier of facts could find the essential elements of the crime beyond a reasonable doubt. *United States v. Lucas,* 963 F.2d 243, 247 (9th Cir. 1992). The government is entitled to all reasonable inferences that might be drawn from the evidence. *Id.*

This Court ruled on the sufficiency of the evidence at two points in the trial. After the close of the government's case, the defendants initially moved for a judgment of acquittal. At that time, the Court held that sufficient evidence had been adduced to sustain a conviction and denied the motion. Subsequently, at the conclusion of the trial, the defendants renewed their motion for judgment of acquittal. The Court again ruled that the evidence was sufficient to sustain a conviction and denied the motion.

■ Notwithstanding these prior rulings, the defendants contend that the present motion should be granted because of the evidence that, prior to dismissal, the jury was inclined to acquit the defendants as to Count I. Even if the Court were to assume that this information is accurate, however, such evidence does not control the proper disposition of this motion. The appropriate inquiry is whether a rational trier of fact could find all the essential elements of the crime beyond a reasonable doubt. *Lucas,* 963 F.2d at 247. If so, the inclinations of the previous jury are irrelevant, and the motion for judgment of acquittal must be denied.

As the Court instructed the jury, before a defendant may be convicted of knowingly and wilfully obstructing the execution of a federal arrest warrant, the government must establish the following two elements beyond a reasonable doubt:

First, that the defendant willfully and knowingly obstructed, resisted, or opposed a person who was then attempting to serve or execute a legal or judicial writ of a court of the United States;

Second, that a person who was so obstructed had been duly authorized to serve that writ.

Court's Jury Instruction No. 14; *see* 18 U.S.C. § 1501. Officer Carriero offered testimony relevant to both essential elements. Viewing the evidence in the light most favorable to the government, the Court concludes that this evidence was sufficient to permit a reasonable jury to find that both essential elements were established beyond a reasonable doubt. As a result, the evidence was sufficient to sustain a conviction and the motion for judgment of acquittal must be denied.

*CONCLUSION*

For the reasons stated above, the Court hereby DENIES the defendants' Joint Motion for Judgment of Acquittal and/or Dismissal of Count I.

IT IS SO ORDERED.